IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT B. GREEN,

    Plaintiff,

vs.

SCOTT TOWNSHIP, SCOTTT TOWNSHIP BOARD OF SUPERVISORS, DENNIS DAVISON, SCOTT TOWNSHIP POLICE DEPT., JARED GANZ FRANK RAPOCH,

    Defendants.

CIVIL ACTION NO. 3:CV-00-2257

(JUDGE CAPUTO)

FILED
SCRANTON

JUL 1 9 2001

PER ___ DEPUTY CLERK

## MEMORANDUM

Plaintiff Robert B. Green filed a complaint on December 29, 2000 against Defendants, Scott Township, Scott Township Board of Supervisors ("BOS"), Scott Township Police Dept., Dennis Davison, Jared Ganz and Frank Rapoch. (collectively, the "Defendants"). (Compl., Doc. 1.) Plaintiff, seeking to invoke this Court's jurisdiction under 28 U.S.C. §§ 1331 and 1343, brings a 42 U.S.C. § 1983 claim alleging that Defendants violated the Fifth and Fourteenth Amendments by denying Plaintiff equal protection of the law.

Plaintiff alleges three counts. Count I is brought against Defendants Davison, Rapoch, Ganz and the Scott Township Police Department alleging they violated the Fifth and Fourteenth Amendments and denied him equal protection under the law. Although not explicit, Plaintiff's complaint also appears to bring § 1983 malicious prosecution and abuse of process claims. Count II is brought

against Scott Township and the Scott Township BOS alleging the same violations. Count II also appears to allege municipal liability for failing to instruct, supervise, control and discipline on a continuing basis. Finally, Count III appears to allege the same claims as Count II against Defendant Scott Township Police Department. Plaintiff seeks compensatory damages, punitive damages, costs and reasonable attorneys' fees.

This matter is presently before me on Defendants' Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule 12(b)(6). (Doc. 4.) For the reasons set forth below, Plaintiff's complaint will be granted in part and denied in part.

## DISCUSSION

### A.   Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal should not be granted simply because the plaintiff's allegations do not support the legal theory on which he intends to proceed, *Bowers v. Hardwick*, 478 U.S. 186, 202, 106 S. Ct. 2841, 2849, 92 L. Ed. 2d 140 (1986), but only where it appears that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief, *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957). Accordingly, dismissal is appropriate "only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief

2

could be granted under any set of facts consistent with the allegations of the complaint." *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*, 140 F.3d 478, 483 (3d Cir. 1998) (citing *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994). *See also Heffernan v. Hunter*, 189 F.3d 405, 408 (3d Cir. 1999).

In deciding a motion to dismiss, a court should generally consider only the allegations contained in the complaint, the exhibits attached to the complaint, matters of public record, and "undisputably authentic" documents which the plaintiff has identified as the basis of his claims and which the defendant has attached as exhibits to his motion to dismiss. *See Pension Benefit Guar. Corp. v. White Consol. Indus. Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). However, the court need not assume that the plaintiff can prove facts he has not alleged, *City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998), nor credit the plaintiff's "bald assertions," "unsupported conclusions," "unwarranted inferences," or "legal conclusions masquerading as factual conclusions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

For a court considering a Rule 12(b)(6) motion, the relevant inquiry is not whether the plaintiff will ultimately prevail on the merits of his claims, but only whether he is entitled to offer evidence in support of them. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 1686, 40 L. Ed. 2d 90 (1974). Further, while the plaintiff, in order to survive a motion to dismiss, must set forth information from which each element of a claim may reasonably be inferred, *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993), it is the defendant who bears the

burden of establishing that the complaint fails to state a claim upon which relief can be granted, *Gould Electronics Inc., v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

### B.   Separate Entity

Defendants move for dismissal of the Scott Township BOS and the Scott Township Police Department. According to Defendants, neither is an independent corporate entity but each was created pursuant to statute. Defendants cite 53 P.S. §§ 65111, 65590, 65591, 65592. Plaintiff has not addressed the issue in his brief.

Defendants rely upon *Burton v. City of Phila.*, 121 F. Supp. 2d 810, 812 (E.D. Pa. 2000), where Judge Joyner dismissed the claims brought against the Philadelphia Department of Human Services and the Youth Study Center because they were independent corporate entities. Judge Joyner relied upon 53 P.S. § 16257 which specifically states that no department is a separate corporate entity and that all claims against such entities "shall be in the name of the City of Philadelphia." 53 P.S. § 16257.

Defendant's reliance on *Burton* is misplaced. Section 16257 cited by Judge Joyner applies specifically to the City of Philadelphia. Defendants have not identified a corresponding ordinance or statute for Second Class Townships, like Scott Township. The statutes which Defendants rely upon in their brief allow for the creation of police forces by the Township but does not specifically decree that they are a separate entity from the Township. However, this Court does

4

note that numerous courts have found that municipal police departments are not proper defendants in a § 1983 suit. According to these courts, police departments are merely sub-units of city governments created to fulfill the municipalities' policing duties. *Johnson v. City of Erie, Pa.*, 834 F. Supp. 873 (W.D. Pa. 1993) (citing *PBA Local No. 38, Woodbridge Police Dep't*, 832 F. Supp. 808, 826 (D.N.J. 1993)). Therefore, in light of this caselaw, Defendant Scott Township Police Department will be dismissed as an improper and unnecessary party to this action. As a result, Count III will be dismissed since Count II sets forth the same allegations.

Plaintiff does not bring his action against the individual Board of Supervisors but rather in their official capacities as a whole. For the same reasons noted above, the Board of Supervisors will also be dismissed as an improper and unnecessary party.

### C. Official Capacity

Defendants also move for dismissal of official capacity claims against the individual Defendants Davison, Ganz, and Rapoch. In their brief in support, Defendants argue that Plaintiff never alleged anywhere in the complaint that Defendants Davison, Ganz, Romano, Rapoch and Frezzolini are policy makers. This Court notes that nowhere in the complaint has Plaintiff alleged a cause of action against Officers Romano and Frezzolini; Plaintiff only sues Defendants Davison, Ganz and Rapoch, in their official capacities.

When a defendant is sued in his official capacity, "the real party in

5

interest... is the governmental entity and not the named official." *Hafer v. Melo*, 502 U.S. 21, 25, 112 S. Ct. 358, 362, 116 L. Ed. 2d 301 (1991) (citing *Kentucky v. Graham*, 473 U.S. 159, 166-67, 105 S. Ct. 3099, 3106, 87 L. Ed. 2d 114 (1985)). The Supreme Court instructed that "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky*, 473 U.S. at 166, 105 S. Ct. at 3105. In other words, a suit against a public official in his official capacity is a suit against the government entity for which he works. *See id.* at 166 & n.12, 105 S. Ct. at 3105 & n.12; *Brandon v. Holt*, 469 U.S. 464, 471-72, 105 S. Ct. 873, 878, 83 L. Ed. 2d 878 (1985); *Satterfield v. Borough of Schuylkill Haven*, 12 F. Supp. 2d 423, 432 (E.D. Pa.1998). "Because local governments may be sued directly, official capacity suits are unnecessary." *Winfree v. Tokai Fin. Servs., Inc.*, No. CIV. A. 99-2970, 2000 WL 233240, at *3 (E.D. Pa. Mar. 1, 2000) (citing *Kentucky*, 473 U.S. at 166; *Mancini v. Lester*, 630 F.2d 990, 991 n.3 (3d Cir.1980); *Satterfield*, 12 F. Supp. 2d at 432); *see also Burton*, 121 F. Supp. 2d at 812.

In this case, Defendants have not moved for dismissal of the municipality, but only for dismissal of the individual defendants in their official capacities. Plaintiff does not directly address the issue but only contends that the chief of police is the final decision maker. As a result, Plaintiff's arguments are inapposite. Whether the complaint has sufficiently alleged that the individual defendants are policy makers or not is irrelevant to this motion to dismiss because Defendants have not moved for dismissal of the municipality. Because

6

Plaintiff has brought a suit against Scott Township, a suit against Defendants Davison, Ganz and Rapoch in their official capacities is redundant. See Burton, 121 F. Supp. 2d at 812. Therefore, Defendants' motion to dismiss the individual Defendants in their official capacities will be granted.

### D. Section 1983

Defendants move for dismissal of Plaintiff's claims for violations of the Fifth and Fourteenth Amendments under § 1983. "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred.... The first step in any such claim is to identify the specific constitutional right allegedly infringed." Albright v. Oliver, 510 U.S. 266, 271, 114 S. Ct. 807, 811, 127 L. Ed. 2d 114 (1994) (citations and internal quotations omitted). Defendants argue that Plaintiff's complaint is essentially asserting violations under Due Process and Equal Protection.

#### 1. _ Equal Protection

With respect to equal protection claims, the Fourteenth Amendment "is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439, 105 S. Ct. 3249, 3254, 87 L. Ed. 2d 313 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216, 102 S. Ct. 2382, 2394, 72 L. Ed. 2d 786 (1982)). A plaintiff must demonstrate that he "(1)..., compared with others similarly situated, was selectively treated, and (2) the selective treatment was motivated by an intention to discriminate on the basis of impermissible considerations, such as race or religion, to punish or

7

inhibit the exercise of constitutional rights, or by a malicious or bad faith intent to injure the persons." *Homan v. City of Reading*, 15 F. Supp. 2d 696, 702 (E.D. Pa. 1998) (citing *Zahra v. Town of Southold*, 48 F.3d 674, 683 (2d Cir. 1995)). In this case, Defendants argue that Plaintiff has not alleged how he was treated differently. In particular, Defendants argue that Plaintiff has not made any claims of racial discrimination or that he belonged to a particular class which was being discriminated.

Plaintiff's brief never addresses Defendant's arguments with respect to his equal protection claim. A review of Plaintiff's complaint reveals no facts whatsoever which would support such a claim. As a result, his claim for violations of his right to equal protection is dismissed.

2. **Due Process**

Defendant does not address Plaintiff's due process claim since, they contend, Plaintiff has not alleged any due process violations. However, Plaintiff cites *Bello v. Walker*, 840 F.2d 1124 (3d Cir. 1988) for the proposition when the government deliberately and arbitrarily abuses its power, a plaintiff's right to substantive due process may be violated. In *Bello*, the plaintiffs alleged that municipal officials improperly influenced the decision to deny them building permits which violated their constitutional rights to due process. The Third Circuit held that the district court should not have granted summary judgment since there were facts which suggested the municipal officials acted for partisan political or personal reasons unrelated to the merits of the application for the

8

permits. According to the Third Circuit, such actions have "no relationship to any legitimate governmental objective, and if proven, are sufficient to establish a substantive due process violation actionable under section 1983." *Bello*, 840 F.2d at 1129-30.

In this case, Plaintiff has alleged in his complaint that he had informed the Scott Township BOS of a land title dispute on numerous occasions and incidents of harassment by members of Scott Township Police Department. Plaintiff asked Scott Township BOS to resolve the title dispute and end the harassment by the Police Department. According to Plaintiff, BOS refused and the harassment continued. Among the allegations of harassment by the Police Department, was their continued presence near Plaintiff's residence and the citation of offenses which included failure to have his registration card signed, obstruction of the window with a notebook on the front dash, operating a vehicle with a suspended license, and for not having a plate lamp.

In addition, Plaintiff alleges that the Scott Township Police Department charged him criminally with Defiant Trespass which was ultimately withdrawn by the Commonwealth. Plaintiff alleges that the Police Department knew that he had lawful ownership but ignored that fact and charged him with defiant trespass regardless; the Police Department wilfully, wantonly, and maliciously proceeded with numerous motor vehicle citations and the criminal prosecution of Plaintiff. Plaintiff alleges that Scott Township BOS knew of the Police Department's actions and they proceeded with BOS's approval, consent and direction.

9

Moreover, Scott Township BOS and Police Department failed to instruct, supervise, control and discipline Defendants Ganz, Rapoch and Davison. Assuming Plaintiff's allegations are true, Plaintiff's complaint has demonstrated deliberate and arbitrary abuse by Defendant Scott Township thereby denying Plaintiff of his due process rights.

### 3. Excessive Force

Plaintiff has also alleged that excessive force was used against his friend Manfred Lennartz. (Doc. 1 ¶ 22.) Plaintiff alleges that officers from the Scott Township Police Department physically assaulted Mr. Lennartz and confiscated a videotape that he was making of the subject property. Plaintiff does not allege any incidents of excessive force against him personally. This Court notes that Plaintiff has not alleged any claim under the Fourth Amendment anywhere in his complaint.

In order for Plaintiff to bring a cause of action for excessive force in this case, he must have standing. The Supreme Court has stated that standing is comprised of two related components: the Article III constitutional requirements and nonconstitutional prudential considerations. *Franchise Tax Bd. of Cal. v. Alcan Aluminum Ltd.*, 493 U.S. 331, 336, 110 S. Ct. 661, 664, 107 L. Ed. 2d 696 (1990) (citing *Warth v. Seldin*, 422 U.S. 490, 498, 95 S. Ct. 2197, 2204, 45 L. Ed. 2d 343 (1975) and *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 472, 102 S. Ct. 752, 758, 70 L. Ed. 2d 700 (1982)). To have Article III standing, a plaintiff must demonstrate that

he "personally... suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant", that the plaintiff's injury can be attributed to the challenged action and that the injury may be redressed by a favorable decision. *Id.* (citing *Gladstone, Realtors v. Village of Bellwood*, 441 U.S. 91, 99, 99 S. Ct. 1601, 1607, 60 L. Ed. 2d 66 (1979) and *Simon v. Eastern Kentucky Welfare Rights Org.*, 426 U.S. 26, 38, 41, 96 S. Ct. 1917, 1924, 1925, 48 L. Ed. 2d 450 (1976)). With respect to the prudential requirements of the standing doctrine, "the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Id.* (citing *Warth*, 422 U.S., at 499, 95 S. Ct., at 2205).

In this case, Plaintiff has not set forth any allegations of excessive force that were committed against him personally. Rather the only allegations of force used was against his friend, Mr. Lennartz. Not only has Plaintiff's complaint failed to set forth a claim upon which relief may be granted with respect to his excessive force claim, but he also lacks standing to challenge any use of excessive force against Mr. Lennartz. The claim for excessive force will be dismissed.

### 4. Malicious Prosecution

Although Plaintiff's complaint does not explicitly allege a claim for malicious prosecution, Plaintiff's complaint does allege facts that suggests a claim for malicious prosecution. (*See* Doc. 1 ¶¶ 41, 49.) The Third Circuit has explicitly held that a claim for malicious prosecution is cognizable under § 1983

11

under constitutional provisions like the Fourth Amendment or the procedural component of the Due Process Clause, as long as the claim is not based on substantive due process. *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 792 (3d Cir. 2000) (discussing *Albright v. Oliver*, 510 U.S. 266, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994) and *Torres v. McLaughlin*, 163 F.3d 169 (3d Cir. 1998). In this case, Plaintiff's complaint has stated that he was maliciously prosecuted, violating his constitutional and statutory rights guaranteed by the Fifth and Fourteenth Amendments. (*See* Doc. 1 ¶¶ 44, 52.) Plaintiff's § 1983 malicious prosecution claim may be brought under the procedural due process clause of the Fourteenth Amendment for the reason noted above.[1]

### 5.  Abuse of Process

Likewise, Defendants have also failed to address Plaintiff's abuse of process claim. In setting forth the standard for evaluating abuse of process claims under § 1983, Chief Judge Vanaskie wrote

> A section 1983 claim for malicious abuse of process lies where prosecution is initiated legitimately and thereafter is used for a purpose other than that intended by the law. The touchstone of the abuse of process action is a perversion of the process for a purpose for which it was not intended. When process is used to effect an extortionate demand, or to cause the surrender of a legal right, or is used in any other way not so intended by proper use of the process,

---

[1] This Court also notes that in his brief in support, Plaintiff makes an argument under the Fourth Amendment, regarding seizures. It is not altogether clear why Plaintiff has injected this argument, but to the extent Plaintiff is seeking to amend his complaint to allege a violation of the Fourth Amendment for malicious prosecution or as a claim in and of itself, such motion will be denied.

12

> a cause of action for abuse of process can be maintained.... To establish a claim for abuse of process, there must be some proof of a definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process.

*Williams v. Fedor*, 69 F. Supp. 2d 649, 673 (M.D. Pa.1999) (alterations, internal quotations omitted) (citing *Rose v. Bartle*, 871 F.2d 331, 350 (3d Cir.1989); *Jennings v. Shuman*, 567 F.2d 1213, 1217 (3d Cir.1977); *Feldman v. Trust Co. Bank*, No. Civ. A. 93-1260, 1993 WL 300136, at *4 (E.D. Pa. Aug. 2, 1993); *Brown v. Johnston*, 675 F. Supp. 287, 290 (W.D. Pa. 1987); *Barakat v. Delaware County Mem'l Hosp.*, No. Civ. A. 97-2012, 1997 WL 381607, at *2 (E.D. Pa. July 2, 1997)), *aff'd* 211 F.3d 1263 (3d Cir. 2000).

An abuse of process claim requires the Defendant to commence the prosecution legitimately but use the process for an improper purpose thereafter. In this case, Plaintiff has alleged facts which suggest that Defendants began the criminal prosecution for defiant trespass and continued to prosecute him to harass Plaintiff and to cause "Plaintiff emotional and financial harm, humiliation and embarrassment and with the express purpose of depriving [him] of his property interest...." (Doc. 1 ¶¶ 33, 41, 42.) Plaintiff's claim for abuse of process under § 1983 will remain.

### E.    Section 1983: Punitive Damages

In their motion to dismiss, Defendants argue, and Plaintiff concedes, that municipalities and individual defendants in their official capacities are not liable under 42 U.S.C. § 1983 for punitive damages. (Br. in Support of Defs.' Rule

13

12(b)(6) Mot., Doc. 5, at 4; Pl.'s Br. Contra Defs.' Rule 12(b)(6) Mot., Doc. 10, at 5.) The Supreme Court has explicitly held that municipalities are "immune from punitive damages under 42 U.S.C. § 1983." *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271, 101 S. Ct. 2748, 2762, 69 L. Ed. 2d 616 (1981). Accordingly, Defendants' motion to dismiss Plaintiff's claims for punitive damages under § 1983 against Defendant Scott Township will be granted.

As noted above, the motion to dismiss the individual defendants in their official capacities and Defendants Scott Township Police Department and Scott Township Board of Supervisors was granted. Therefore, the motion to dismiss Plaintiff's request for punitive damages is deemed moot with respect to these Defendants.

## CONCLUSION

Defendants Scott Township Police Department, Scott Township Board of Supervisors and Defendants Davison, Ganz and Rapoch, in their official capacities are dismissed from this action. As a result, Count III is dismissed. Plaintiff's claims for violations by Defendants concerning their use of excessive force and violation of his equal protection rights are dismissed. Finally, Plaintiff's claim for punitive damages is dismissed against Defendant Scott Township. The remaining claims in this matter are § 1983 claims against Defendant Scott Township and Defendants Davison, Ganz and Rapoch in their individual capacities for violation of substantive due process, malicious prosecution in violation of procedural due process and abuse of process.

14

An appropriate Order follows.

_July 19, 2001_
Date

_/s/ A. Richard Caputo_
A. Richard Caputo
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT B. GREEN,

    Plaintiff,

vs.

SCOTT TOWNSHIP, SCOTTT
TOWNSHIP BOARD OF
SUPERVISORS, DENNIS
DAVISON, SCOTT TOWNSHIP
POLICE DEPT., JARED GANZ
FRANK RAPOCH,

    Defendants.

CIVIL ACTION NO. 3:CV-00-2257

(JUDGE CAPUTO)

FILED
SCRANTON

JUL 1 9 2001

PER ___ DEPUTY CLERK

### ORDER

NOW, this 19th day of July, 2001, upon consideration of Defendants' Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule 12(b)(6) (Doc. 4) and Plaintiff's Brief Contra Defendants' Rule 12(b)(6) Motion (Doc. 10) it is hereby ORDERED that Defendants' motion to dismiss is **GRANTED** in part and **DENIED** in part as follows:

1. Defendant's motion to dismiss Scott Township Board of Supervisors and Scott Township Police Department as separate entities is **GRANTED**. Count III of the Complaint against the Scott Township Police Department is **DISMISSED**.

2. Defendants' motion to dismiss is **GRANTED** to the extent the Defendants Davison, Ganz and Rapoch are sued in their official capacities.

16

3. Defendants' motion to dismiss is **GRANTED** with respect to Plaintiff's equal protection claim.

4. Defendants' motion to dismiss is **DENIED** with respect to Plaintiff's substantive due process claim.

5. Defendants' motion to dismiss is **GRANTED** with respect to Plaintiff's excessive force claim.

6. Defendant's motion to dismiss is **GRANTED** with respect to punitive damages under § 1983 against Defendant Scott Township.

A. Richard Caputo
United States District Judge